AGRAIT ET AL., RECURRENTES, *v.* EL REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de prórroga de hipoteca.

No. 552.—Resuelto en noviembre 24, 1922.

BIENES GANANCIALES — CONSENTIMIENTO DE LA ESPOSA. — El consentimiento expreso de la esposa no es necesario para que el marido, como administrador de la sociedad de gananciales, pueda prorrogar una escritura de préstamo de dinero perteneciente a la sociedad garantizado con hipoteca.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. E. H. F. Dottin.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El 4 de abril de 1922 comparecieron ante notario público José Allés, casado, de una parte, y de la otra, Irene Agrait y Eugenio T. Iglesias. Las partes expusieron que los comparecientes Agrait e Iglesias eran dueños de cierta finca urbana que estaba hipotecada a favor del compareciente Allés y de su esposa y que venciendo dicha hipoteca el 10 de mayo de 1922, habían convenido prorrogar el contrato por cuatro años más, modificándose sólo el interés del préstamo garantido con la hipoteca que en vez del seis sería el nueve por ciento anual.

Presentada para su inscripción la escritura en el registro, el registrador se negó a ello porque tratándose de bienes gananciales, era necesario el consentimiento expreso de la esposa.

De la calificación del registrador se ha apelado para ante este tribunal habiendo presentado sus escritos el recurrente y el registrador desprovistos de citas de ley o jurisprudencia.

El dinero prestado y la garantía hipotecaria correspondían a una sociedad de gananciales. No hay duda sobre este extremo. Tampoco la hay con respecto al hecho de que la pró-

rroga se otorgó solo por el administrador de la sociedad, el marido, sin el consentimiento expreso de la esposa.

Sostiene la parte recurrente que la prórroga constituye un mero acto de administración, ya que el marido pudo prestar el dinero de la sociedad de gananciales sin necesidad del consentimiento expreso de la mujer, y la hipoteca simplemente garantiza el préstamo. Alega por el contrario el registrador que la prórroga constituye la enajenación del derecho que el acreedor, la sociedad de gananciales, tenía para hacer efectivo su crédito dentro de determinada fecha, y que por tanto no se trata de un mero acto de administración.

Veamos cuál es la ley aplicable.

Dispone el artículo 159 del Código Civil que "el marido será el administrador de los bienes de la sociedad conyugal" y que "los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados, bajo pena de nulidad, sino mediante el consentimiento expreso de ambos cónyuges." Repite el artículo 1327 del propio código que "el marido es el administrador de la sociedad de gananciales," con las salvedades que establece. Y el 1328 expresa que "sin embargo de las facultades que tiene el marido como administrador, no podrá enajenar ni obligar a título oneroso, los bienes inmuebles de la sociedad de gananciales, sin el consentimiento expreso de la mujer."

A la luz de esos preceptos, es que debe resolverse la cuestión envuelta.

Lo que la ley prohibe es la enajenación y el gravamen. La prórroga en modo alguno constituye un gravamen. ¿Puede considerarse como una enajenación? A nuestro juicio tampoco. Enajenación, según Escriche, es:

"El acto por el cual se transfiere á otro la propiedad de alguna cosa á título lucrativo, como la donación; ó á título oneroso, como la venta o permuta. Esta palabra tomada en una significación más extensa, comprende la enfitéusis, la prenda, la hipoteca, y aun la constitución de servidumbre sobre un fundo. Síguese de aquí que

el que no puede enajenar una cosa, no la puede tampoco obligar, ni sujetar con hipoteca, ni imponerle servidumbre. 'Aquel á quien es defendido de non enagenar la cosa, dice la ley 10, tít. 33, Part. 7ª., non la puede vender, nin camïar, nin empeñar, nin puede poner servidumbre en ella, nin darla á censo; á ninguna de aquellas personas a quien es defendido de la enagenar.' ''

2 Escriche, Diccionario de Legislación, 803.

No estando el acto ejecutado prohibido por la ley, pudo llevarse a efecto válidamente por el marido administrador, siendo por tanto inscribible la escritura de prórroga de que se trata.

Debe revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.